**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Douglas McArthur YATES,
Defendant-Appellant.**

**No. 82–5129.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1982.

Decided Jan. 26, 1983.

Certiorari Denied April 4, 1983.
See 103 S.Ct. 1532.

E.J. Walbourn, III, Asst. Federal Public Defender, Lexington, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., C. Cleveland Gambill, Fred Stine, Lexington, Ky., for plaintiff-appellee.

Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Defendant-Appellant Yates was charged with and convicted on a charge of violation of 18 U.S.C. § 3150.[1] In September of 1979 Yates was convicted in a jury trial in the Eastern District of Kentucky on charges of uttering and publishing U.S. Treasury instruments.

He was represented by counsel at that trial and appealed his conviction to this court which affirmed the actions of the district court (No. 79–5327).

Yates had been released on bond pending outcome of his 1979 appeal without a restriction limiting his travel. The charge in the instant case relates to his failure to surrender on April 1, 1981 to begin service of his sentence in accordance with the orders of the district court.

It was not until October of 1981 that Yates was apprehended in Nashville, Tennessee on other charges, under an assumed name. At that time, appellant and his attorney worked out a plea arrangement with the United States Attorney's office whereby all outstanding federal charges were to be dropped in exchange for his guilty plea under Rules 11 and 20 of the Fed.R.Crim.P. and his cooperation with federal authorities. Yates, under this proposed plea bargain, on no more than two charges was to receive a five year sentence (concurrent with the sentence imposed upon him in the 1979 conviction plus a consecutive sentence of probation not to exceed five years).

 Yates was transferred back to the Eastern District of Kentucky on the failure to appear charge. The proposed plea bargain, disclaimed at the time by the United States Attorney, was rejected by the district judge under the circumstances, although appellant urged its acceptance. Appellant also pled guilty to pending state charges. Yates asserts error in the rejection of the plea agreement. Acceptance or rejection of a plea agreement is the prerogative, however, of the district court. Fed.R. Crim.P. Rule 11; *United States v. Martinez,* 486 F.2d 15 (5th Cir.1973). A defendant has no right to require a judge to accept a

---

1. 18 U.S.C. § 3150 provides in pertinent part:
 "Whoever, having been released pursuant to this Chapter, wilfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any surety which was given or pledged for his release, and, in addition, shall (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five (5) years or both ..."

proffered plea agreement regardless of its validity or enforceability as against the government or the United States Attorney. *See Cohen v. U.S.,* 593 F.2d 766 (6th Cir. 1979). The plea was never entered. It was rejected by the trial court and appellant proceeded to trial. This was not error. Appellant did not demonstrate prejudice in this procedure. *See Government of Virgin Islands v. Scotland,* 614 F.2d 360 (3rd Cir. 1980).

■ Yates complains that there was insufficient evidence of his willfulness in failing to appear, and that he should have been acquitted; further, that in view of other trial errors he should have been granted a new trial. One of the trial errors related to admission of evidence that after April, 1981, and at the time of arrest some months later, Yates had operated in Tennessee (and perhaps elsewhere) under several aliases. We conclude, however, that this evidence was properly admitted and was relevant to the issues before the court. *U.S. v. Bright,* 541 F.2d 471 (5th Cir.1976).

■ There was evidence also that Yates had left his place of residence in Pikeville, Kentucky for a number of months, had not been seen by the landlord or family who had posted bond for him, and had not kept his attorney advised of his address or of his whereabouts. There was, then, ample evidence that Yates had departed to a place or places unknown to make himself unavailable for official notice or process to report for service of the sentence imposed upon him by the district court.

■ Appellant argues that the court erred in excluding evidence that he had left a forwarding address with the wife of his landlord. That evidence, however, was elicited by means of hearsay testimony, to which there was objection, albeit somewhat belated, by the prosecutor. The court did not commit error in sustaining objection to this hearsay evidence; appellant did not elect to present this evidence through the landlord's wife or his own testimony.

■ Appellant's principal contention on this appeal is that he did not receive actual notice from the court that he was ordered to appear on the date set out in the indictment. His absence and failure to appear, therefore, he argues is not the kind of willful action required under the statute. As has already been pointed out, however, there was sufficient evidence that appellant had absconded, and that he was attempting to conceal himself from the authorities over many months after he knew that his conviction had been affirmed. Yates was not a stranger to criminal charges and procedures; he had actively participated in his trial and appeal throughout.[2] His attorney who had represented him from the outset in the case received the court papers and the notice indicating court actions on appeal and requiring Yates to appear for service of his sentence after exhaustion of appellate rights. While the better district court procedure would certainly have been to have sent by registered or certified mail to Yates' last known address the pertinent notice which triggered this action, to send such notice to Yates personally under the circumstances here was not an absolute requirement. *U.S. v. Cohen,* 450 F.2d 1019, 1021 (5th Cir.1971); *U.S. v. Bright, supra,* 476 F.2d 471, 476 (5th Cir.1976). *See U.S. v. DePugh,* 434 F.2d 548 (8th Cir.1970), *cert. denied,* 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971).

In July of 1980, Yates' attorney wrote him that his conviction had been affirmed by this court and that he should prepare to serve his sentence. He inquired as to whether Yates wished to pursue a petition for writ of certiorari but stated, "frankly I think your chances before the United States Supreme Court are like those of a snowball in July." Despite this sound advice, appellant attempted to pursue that final avenue, but it was promptly denied as predicted. Yates' attorney attempted to notify him of this expected eventuality but the letter was returned undeliverable. Appellant did not advise his attorney of his location after he

---

**2.** Yates has also actively taken part in this particular appeal, although he has counsel representing him who has earnestly advocated his position.

left his residence for parts unknown. The attorney did not thereafter have any address for appellant to which he might send the notice requiring him to appear.

Under such circumstances, proof of Yates' actual knowledge is not required. He is deemed to have constructive knowledge through delivery of the required notice of his attorney. He may not purposefully engage in a course of conduct to prevent him from receiving notice by absconding and using assumed names and successfully attack this kind of evidence as insufficient to establish a willful failure on his part as charged in the indictment. *U.S. v. Bright,* *supra.* *See U.S. v. Hall,* 346 F.2d 875 (2nd Cir.1965).

Accordingly, the judgment of the district court is AFFIRMED.