MOSHESH ELEAZAR EZEKUNU-BEY 1st, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ezekunu-Bey v. Commissioner
Docket No. 12560-82
United States Tax Court
T.C. Memo 1984-96; 1984 Tax Ct. Memo LEXIS 580; 47 T.C.M. (CCH) 1180; T.C.M. (RIA) 84096; February 28, 1984. Moshesh Eleazar Ezekunu-Bey *581 1st, Pro Se. Linda S. Bednarz, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice dated March 29, 1982, respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: [1]
Taxable Year
Deficiency
Sec. 6653(a) [2] Addition
1978
$1,952.00
$98.00
1979
$4,807.00
$240.00
The issues presented for our decision are (1) whether the income received by petitioner, a Moorish American, is exempt from Federal income tax; (2) whether petitioner is liable for the additions to tax under section 6653(a), for negligence or intentional disregard of rules and regulations with respect to income taxes; and (3) whether petitioner is liable for damages to the United States under section 6673. *582 On November 28, 1983, respondent filed a Motion for Judgment on the Pleadings, pursuant to Rule 120, Tax Court Rules of Practice and Procedure, and a Motion for Assessment of Damages for Asserting a Position that is Frivolous and Groundless, pursuant to section 6673. The Court took these motions under advisement and proceeded with the trial of the case, also on November 28, 1983, in Philadelphia, Pennsylvania. FINDINGS OF FACT The factual content of the record is somewhat sketchy. There is no stipulation of facts in the record. The following facts are adduced from the uncontroverted facts contained in the pleadings, testimony at trial and from the exhibits admitted at trial. Petitioner Moshesh Eleazar Ezekunu-Bey 1st was a resident of Baltimore, Maryland at the time he filed his petition in this case. Petitioner worked as a chemical engineer at Bethlehem Steel Corporation. In his statutory notice, respondent determined that petitioner received wages in the amounts of $11,624 in 1978 and $20,288 in 1979 which were not reported by petitioner. Petitioner has never denied having received these sums, but claims that they are exempt from taxation. Petitioner is a member *583 of the Moorish Science Temple, The Divine and National Movement of North America Inc. #13, which is located in Baltimore, Maryland. It is his status as a Black Moorish American which provides the underpinning to his constitutional and other objections to the payment of Federal income taxes. In his petition herein, filed June 7, 1982, petitioner sets forth the grounds for his disagreement with the notice of deficiency as follows: I disagree with the above alledged [sic] taxable years in question and the alleged deficiencys [sic] and penalties of those years. According to our authority copy book 521, File No. 5-39 National Archives, National Headquarters, General Services Administration, Washington, D.C. 20408 Leviticus 25:10 Section 16 of 13th Amendment with 20 sections, National Archives Record Group No. 147 The Contitution [sic] of the United States namely Article 1 section 2 Clause 3, Article 1 section 9 paragraph 4, Initial Emancipation Proclamation 9/22/1862, Supplemental Proc. 12/1/1862 and 1/1/1863, Oath of Amnesty and Reconstruction 12/8/1863, Senate and House Joint Resolution #75 Adopted 5/4/1933 in the Senate, April 17, 1933 in the House of Representatives. *584 OPINION The first issue for our consideration is whether petitioner, as a Moorish American, is exempt from Federal income taxation. Respondent asserts that he is not so exempt. Petitioner's argument for exemption has been made before by at least five other members of the same Moorish Science Temple, and has been rejected each time by this Court. Habersham-Bey v. Commissioner,78 T.C. 304 (1982); Gaines El v. Commissioner,T.C. Memo. 1975-54; Wiggins-El v. Commissioner,T.C. Memo. 1981-495; Bratton-Bey v. Commissioner,T.C. Memo. 1982-19, affd. without published opinion 698 F.2d 830 (4th Cir. 1982); and Cherry-El v. Commissioner,T.C. Memo. 1982-404. Nevertheless, we will briefly review the grounds for petitioner's claim. Petitioner relies on a proposed draft of the Thirteenth Amendment which included a provision for substantial monetary compensation to former slaves for their labor, and petitioner claims that until such compensation is paid to petitioner he should be exempt from Federal income taxation. However, as this Court pointed out in Habersham-Bey v. Commissioner,78 T.C. 304, 307, n. 4 (1982), *585 the language relied on by petitioner was defeated on the same day it was introduced (April 8, 1864). See Cong. Globe, 38th Cong., 1st Sess. 1489-1490 (1864); Journal of the Senate 311-313 (Apr. 8, 1864). Petitioner also relies on the U.S. Constitution, specifically Article I, section 2, clause 3 and Article I, section 9, paragraph 4, both of which require apportionment of direct taxes imposed by Congress. Clearly, with respect to income taxes, these provisions were superceded by the Sixteenth Amendment, which is 1913 specifically authorized Congress to impose an income tax without apportionment. The relevance to Federal income taxation of petitioner's references to such documents as the Initial Emancipation Proclamation, Supplemental Emancipation Proclamation and Oath of Amnesty and Reconstruction (all of which date circa 1862) is not clear. It is apparently argued that they constituted the "executive will" of President Lincoln which, in the view of the Moorish Science Temple, has never been fully implemented. Because of this perceived failure, Moorish Temple members believe that they have never achieved full United States citizenship. Petitioner testified at trial in relevant *586 part as follows: "So, therefore, we're not legally citizens, then we're not liable for the tax. We're still classified as human property." We must reject petitioner's argument. The Fourteenth Amendment to the Constitution, section 1, first sentence, provides, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." Petitioner testified that he was born in the United States and resided in the State of Maryland. We therefore conclude that petitioner is a person subject to the Federal income tax. [3]
Petitioner has neither denied receiving the income which is the subject of respondent's notice of deficiency, nor has he alleged any specific error with respect to respondent's determination. Religious or moral objections to the Federal income tax, no matter how sincere, *587 do not justify failure to comply with its requirements. See, among others, Greenberg v. Commissioner,73 T.C. 806 (1980); Graves v. Commissioner,579 F.2d 392 (6th Cir. 1978), affg. T.C. Memo. 1976-353. The wages which petitioner received must be included as income pursuant to section 61(a). We therefore find in favor of respondent as to the underlying deficiencies. The second issue for our consideration is whether the petitioner is liable for the addition to tax under section 6653(a). [4] The petitioner, in violation of rules and regulations requiring him to report these sums, omitted significant amounts of income on his tax returns. His grounds therefor, as discussed above, are totally without merit. The Commissioner's determination of negligence is presumptively correct and will generally be upheld, unless the taxpayer rebuts the presumption by showing due care. See, among others, Estate of Campbell v. Commissioner,56 T.C. 1, 14 (1971); Inter American Life Insurance Co. v. Commissioner,56 T.C. 497, 512 (1971), affd. 469 F.2d 697 (9th Cir. 1972); and McGahen v. Commissioner,76 T.C. 468, 484 (1981), *588 affd. without published opinion 720 F.2d 664 (3rd Cir.1983). Accordingly, we hold for respondent on this issue. The final issue for consideration is whether damages should be awarded to the United States pursuant to section 6673. Respondent seeks damages of $500 on the ground that petitioner's position in this case was instituted merely for delay. Having observed petitioner at trial, we are convinced that he instituted this proceeding not merely for delay. Accordingly, we exercise our discretion and deny respondent's motion to impose damages under section 6673. However, we caution this and other *589 taxpayers that there comes a point in litigation where the adverse authority on a particular agrument overwhelms alleged good faith and apparently sincerely-held beliefs. Based upon this opinion and the prior opinions cited above, we believe that further reliance by taxpayers on the same arguments rejected herein will constitute grounds for an award of damages under section 6673. An appropriate order and decision will be entered.
Footnotes
1. The notice of deficiency was addressed to "Mr. Stephen Hubbard-Bey," apparently petitioner's former name. The address and social security number stated in the petition match those in the statutory notice. ↩
2. All section references refer to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, unless otherwise indicated.↩
3. See section 1.1-1(b), Income Tax Regs.↩, which states that "In general, all citizens of the United States, wherever resident, and all resident alien individuals are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States." * * *
4. Section 6653. FAILURE TO PAY TAX. (a) Negligence or International Disregard of Rules and Regulations with Respect to Income, Gift, or Windfall Profit Taxes.--If any part of any underpayment (as defined in subsection (c)(1) of any tax imposed by substitle A, by chapter 12 of subtitle B (relating to income taxes and gift taxes), or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩