OMER W. WARE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ware v. Commissioner
Docket No. 19849-81.
United States Tax Court
T.C. Memo 1984-295; 1984 Tax Ct. Memo LEXIS 379; 48 T.C.M. (CCH) 263; T.C.M. (RIA) 84295; June 5, 1984. Donald C. Long, for the petitioner. Patrick J. Dowling, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Section 6653(b) [1]
1973
$1,944.54
$972.27
1974
1,018.86
509.43
1975
2,600.00
1,300.00
By an order dated November 23, 1981, the Court granted respondent's "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be *380 Granted" insofar as it pertained to the determined deficiencies in petitioner's taxes. The only remaining issue for decision is whether petitioner, Omer W. Ware, is liable for the fraud addition to tax under section 6653(b) for the years in issue. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Omer W. Ware (hereinafter petitioner), resided in Kansas City, Kansas, at the time he filed his petition herein. For the taxable years 1973, 1974, and 1975, petitioner failed to file Federal income tax returns. Petitioner was employed at the General Motors Assembly Division in Kansas City, Kansas. He received wages from his employment in the amounts of $10,619.32, $7,000.60, and $13,416.50 in the respective years 1973, 1974, and 1975. Prior to the years in issue, petitioner filed joint Federal income tax returns with his wife, Maxine Ware (hereinafter Maxine). The record before us indicates that petitioner filed Federal income tax returns for the taxable years 1965 through 1972, inclusive. Petitioner's tax returns were prepared by Mrs. Ida Law (hereinafter Law), a return preparer employed by a tax service in Kansas City, Kansas. *381 Law prepared petitioner's 1972 income tax return in March 1973. Petitioner filed this return on or about April 15, 1973, which reported an income tax liability of $2,730.69. On May 16, 1973, petitioner filed with his employer an exemption from withholding certificate (Form W-4E), certifying under the penalties of perjury that he had no liability for Federal income tax for 1972 and anticipated that he would incur no liability for Federal income tax for 1973.Petitioner containued to file a Form W-4E each year through 1977. Sometime during the early months of 1974, petitioner informed Law that he would no longer file tax returns, but Maxine would file her own separate return (married filing separately). Law warned petitioner that he was required to file Federal income tax returns, and failure to file returns was fraudulent and could lead to prison. Nonetheless, petitioner refused to file. Throughout the years in issue, Maxine filed separate tax returns. At various times while petitioner was having Maxine's returns prepared, Law repeared her warning to petitioner, and, on at least one occasion, petitioner boasted "I will never do a day in prison." Petitioner also told Law that *382 he filed Form W-4E with his employer in order to stop Federal withholding on his wages, chanting "the W-4E will set you free." In addition to his comments to Law, petitioner attempted to convince other customers in Law's office to stop filing tax returns. During the years in issue, petitioner was a member of a group known as the "Sheriff's Posse Comitatus." Among other things, this tax protester group espouses that the Internal Revenue Code is unconstitutional, wages are not income, and people of the United States are not eequired to file Federal income tax returns. On January 26, 1976, the Internal Revenue Service sent petitioner a form letter inquiring about his failure to file his 1973 return. On April 22, 1976, a second letter was sent from the Internal Revenue Service inquiring about petitioner's failure to file returns for 1973, 1974, and 1975. On April 29, 1976, petitioner filed a letter with his employer directing that all his pay checks be made payable to the "Carrie Kessler Memorial Trust." [2] The following day petitioner filed a quitclaim deed transferring his personal residence to the trust. Petitioner purportedly established this trust on January 3, 1976, by executing *383 a preprinted form "Declaration of Trust of this Family Pure Trust Contract." Also, during 1976, petitioner placed title to his motor vehicles in a similar trust, "John L. Ware Memorial Trust." [3]
On February 22, 1978, petitioner was charged with three counts of willful failure to file Federal income tax returns, under section 7203, for the taxable years 1973, 1974, and 1975. After trial by jury, petitioner was convicted on all three counts and sentenced on September 14, 1978, to one year imprisonment on each count, to be served concurrently. Petitioner's criminal conviction was affirmed on appeal and has become final. See United States v. Ware,608 F. 2d 400 (10th Cir. 1979), rehearing denied 608 F. 2d 406 (10th Cir. 1979). OPINION The sole issue for decision is whether petitioner is liable for the fraud addition to tax under section 6653(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 191 (1976), *384 affd. without published opinion 578 F. 2d 1383 (8th Cir. 1978). Respondent has the burden of proving fraud for each year it is alleged by clear and convincing evidence. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. The taxpayer must have been shown to have acted with specific intent to evade a tax believed to be owed by conduct intended to conceal, mislead, or otherwise prevent collection thereof. Stoltzfus v. United States398 F. 2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F. 2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 112-113 (1956). Since direct evidence of fraud is seldom available, respondent may meet his burden of proof through circumstantial evidence. Nicholas v. Commissioner,70 T.C. 1057, 1065 (1978). Although the proven failure of a taxpayer to file returns for an extended period of time is, in and of itself, insufficient to justify the imposition of the fraud addition, it is persuasive evidence of an intent to defraud the Government. Stoltzfus v. United States,supra at 1005. *385 Petitioner's conviction under section 7203 for willfully failing to file tax returns for the years 1973, 1974, and 1975, establishes that his failure to file a return for each year in issue entailed the "voluntary, intentional violation of a known legal duty" involving the element of had faith or evil intent. United States v. Bishop,412 U.S. 346, 360 (1973); United States v. Ware,supra at 404; Christensen v. Commissioner,T.C. Memo. 1982-672. Throughout the years in issue, petitioner was well aware that the Internal Revenue Code required that he file Federal income tax returns and pay income tax on his wages since petitioner filed tax returns for at least seven years prior to those in issue. Petitioner's failure to file returns and pay tax is based on nothing more than "tax protester" grounds, [4] which, we are satisfied, petitioner knew were frivolous. In 1973, petitioner became affiliated with the "Sheriff's Posse Comitatus," and he decided he would no longer file Federal income tax returns. In refusing to file, petitioner chose to ignore the advice of Law, his tax preparer.She specifically warned petitioner several *386 times that he was required to file Federal income tax returns and to pay income tax on wages earned. Moreover, Law advised petitioner that failure to file was fraudulent and could lead to prison. Petitioner, however, continued his "tax protest," boasting "I will not do a day in prison." Such deliberate conduct supports a finding of fraud. Respondent has established that petitioner filed false and fraudulent withholding certificates by filing Forms W-4E, for 1973 through 1977, declaring that he incurred no tax liability for the immediate preceding year and anticipated no tax liability for the current year. In doing so petitioner insured that no withholding would be taken from his wages. In fact, he proclaimed *387 to Law "the W-4E will set you free." The submission of such false documents is further evidence of fraud. Bratton-Bey v. Commissioner,T.C. Memo. 1982-19, affd. without published opinion 698 F. 2d 830 (4th Cir. 1982); Christensen v. Commissioner,supra.
In addition, petitioner attempted to conceal his tax liability. Concealment of his correct amount of income from the Government is another element of proof which demonstrates his intent to defraud the Government. United States v. Afflerbach,547 F. 2d 522 (10th Cir. 1976); Gajewski v. Commissioner,supra;Bratton-Bey v. Commissioner,supra.Finally, the record indicates that petitioner attempted to further conceal his assets and sources of income once the Internal Revenue Service questioned his about his failure income tax returns through the creation of the family trusts. After having observed the character and demeanor of petitioner on the witness stand, we are convinced that he acted with the specific, obstinate intent to evade and defeat taxes that he knew were owed, and has further attempted to hinder and defeat *388 the collection of taxes by creating various trusts designed to conceal his assets and sources of income. Accordingly, we hold that the respondent has established, by clear and convincing evidence, that petitioner is liable for the fraud addition to tax for 1973, 1974, and 1975. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Carrie Kessler was petitioner's wife's grandmother who died more than 30 years ago. ↩
3. John L. Ware was petitioner's grandfather who died over 30 years ago.↩
4. Among other things, petitioner asserts that the income tax is unconstitutional, wages are not income, and requiring individuals to file tax returns violates the 5th Amendment. Petitioner's arguments are wholly without merit and warrant no discussion herein. See McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F. 2d 1234 (9th Cir. 1983); Schiff v. Commissioner,T.C. Memo. 1984-223↩, and cases cited therein.