27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. CRUMPTON, Defendant-Appellant.
 No. 93-5836.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1994.
 
 Before: KEITH AND BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-Appellant Michael L. Crumpton ("Crumpton") appeals his convictions and sentence for geing a convicted felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On May 24, 1992, Gary Walker ("Walker") drove to the home of his wife, Sandra Walker, accompanied by Crumpton. Upon arrival, Walker removed a gun from under the car seat, and placed it on the front seat. Walker exited the car without the gun and confronted his wife. An altercation ensued, during which Walker gave Crumpton the car keys and told Crumpton to leave without him. As he drove away from Sandra Walker's house, Crumpton threw the gun out the car window.
 
 
 3
 A Chattanooga Police Officer later stopped Crumpton. After questioning Crumpton, the officer discovered the location of the gun and retrieved it.
 
 
 4
 On October 27, 1992, Crumpton was indicted as a convicted felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g), and subject to a sentencing range of 168-210 months. Pursuant to a plea agreement, Crumpton attempted to plead guilty in exchange for a government recommendation he be sentenced in the lower one-third of the applicable sentencing range.
 
 
 5
 After a March 4, 1993 hearing, the district court rejected Crumpton's guilty plea and set the case for trial. A jury convicted Crumpton on March 9, 1993. On June 8, 1993, the judge sentenced Crumpton to 210 months imprisonment. Crumpton subsequently filed this timely notice of appeal.
 
 II.
 
 6
 On appeal, Crumpton contends the trial court erred in refusing to accept his guilty plea to the charge of being a convicted felon in possession of a firearm. We disagree.
 
 
 7
 A district court judge "may reject a plea in exercise of sound judicial discretion." Santobello v. New York, 404 U.S. 257, 262 (1971). "Acceptance or rejection of a plea agreement is the prerogative ... of the district court." United States v. Yates, 698 F.2d 828, 829 (6th Cir.), cert. denied, 460 U.S. 1073 (1983) (citing Fed.R.Crim.P. 11). We review a trial court's refusal to accept Crumpton's guilty plea for abuse of discretion. Santobello, 404 U.S. at 262.
 
 
 8
 The government contends because Crumpton failed to admit possession of the firearm, an essential element of Sec. 922(g), the district court properly rejected Crumpton's guilty plea. In response, Crumpton argues he disclaimed ownership rather than possession, and since ownership is not an essential element under the statute, United States v. Hernandez, 972 F.2d 885, 887 (8th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1287 (1993), he was not required to admit ownership to satisfy a plea. Further, Crumpton argues he admitted possession of the firearm.
 
 
 9
 At Crumpton's plea hearing the following colloquy occurred:
 
 
 10
 Mr. McKnight: Your Honor, were this case to go to trial, the United States would be prepared to prove that on May 24th, '92 Mr. Crumpton pulled a .38 caliber revolver on a woman and threatened her with it. After that time after Mr. Crumpton was taken into custody and advised of his rights he did tell the police where the firearm was. The firearm was loaded. Furthermore, there would be eye witness testimony that he was the person at the scene from the victim and possibly other individuals.
 
 
 11
 Finally, Your Honor, as already stipulated to, we would be prepared to proffer the existence of three prior felony convictions.
 
 
 12
 The Court: Do you agree with the government's summary of what you did with respect to possession of that weapon?
 
 
 13
 Mr. Crumpton: Well, Your Honor--
 
 
 14
 The Court: Did the weapon, do you agree that the weapon belonged to you and you had possession of it.
 
 
 15
 Mr. Crumpton: I don't agree it belonged to me. I was in the car with the weapon.
 
 
 16
 The Court: You had the gun.
 
 
 17
 Mr. Crumpton: I threw it away.
 
 
 18
 The Court: You had it and threw it away.
 
 
 19
 Mr. Crumpton: Yes. I never drew it on no one. I was in the car with my uncle and he went to his wife's house and her boyfriend was there and he pulled a gun out from under the seat and I was sitting on the passenger side. I drove off and threw the gun away.
 
 
 20
 The Court: I don't know whether I can accept this man's plea or not. What does the government say about it?
 
 
 21
 Mr. McKnight: Your Honor, he has acknowledged that he had the gun. It's immaterial whether or not he pulled it on the woman or not.
 
 
 22
 The Court: He said it was just passed to him and he threw it out the window.
 
 
 23
 Mr. Crumpton: It wasn't passed to me, Your Honor. My uncle and his wife and her boyfriend was having a dispute about some furniture. When he got out of the car he reached under the seat and pulled out a black case. The gun was in the case. He unzipped the case, set the gun on the seat and he got out of the car, and his wife come [sic] out of the house with a butcher knife. She run [sic] toward the car. I asked her to leave the car. I drove off in the car and threw the gun.
 
 
 24
 The Court: Did you have the pistol in your hand, when you told her to leave?
 
 
 25
 Mr. Crumpton: I was reaching over toward the driver's side, but I never possessed the gun and drew it on no one.
 
 
 26
 The Court: He says that is what happened. He might as well go to trial. We'll just have a trial then, Mr. Crumpton ...
 
 
 27
 (JA pp. 15-17).
 
 
 28
 Although this circuit has not determined the mens rea required for a felon in possession violation, we have generally recognized the possession of a firearm by a convicted felon as a general intent crime. United States v. Bennett, 975 F.2d 305, 308 (6th Cir.1992). In properly interpreting Sec. 922(g), we have looked to 18 U.S.C.App. Sec. 1202 for guidance. United States v. Craven, 478 F.2d 1329, 1336 (6th Cir.), cert. denied, 414 U.S. 866 (1973). Recognizing 18 U.S.C.App. Sec. 1202(a)(1) requires knowing possession, United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir.1987), we find that knowing possession satisfies the intent element of 18 U.S.C. Sec. 922(g).
 
 
 29
 The district court found Crumpton did not admit to knowingly possessing the firearm in his plea. Rather, according to Crumpton, immediately after discovering the firearm in his presence, he "threw the gun" from the car, never exercising sufficient control over it to constitute knowing possession. Because Crumpton never admitted to knowing possession of the firearm, an element of Sec. 922(g), the district court did not abuse its discretion in rejecting Crumpton's plea.
 
 III.
 
 30
 For the foregoing reasons, we AFFIRM the decision of the Honorable James H. Jarvis, Chief United States District Judge for the Eastern District of Tennessee.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation