**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES PAUL MANGHAM,

Defendant-Appellant.

No. 96-6175
(D.C. No. CR-95-131-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant James Paul Mangham appeals his sentence, imposed after he pleaded guilty to distributing methamphetamine. He argues that the district court erred in assessing three criminal history points related to his former conviction for negligent homicide. Because the district court did not err in finding that defendant was on escape status when he committed the drug offense, we affirm.

In July 1989, defendant was convicted of negligent homicide and received a one-year sentence. Defendant posted bond and remained at liberty while his case was pending before the Oklahoma Court of Criminal Appeals. On September 5, 1993, the appellate court affirmed defendant's conviction. Defendant's attorney mailed him notice of the decision, but the letter was returned undelivered. Further investigation revealed that defendant's address was not listed in the phone book and his number was unpublished. A second letter was returned to defendant's attorney in November 1993 with a notation that defendant's forwarding address had expired. Defendant did not report to serve his sentence and on December 9, 1993, a bench warrant was issued for his arrest.

Defendant was arrested for the instant federal drug offense in late September 1995. At sentencing the district court assessed two criminal history points for committing the offense while on escape status, pursuant to USSG § 4A1.1(d), and one criminal history point for committing the offense within two years of the date

he would have been released had he served his negligent homicide sentence, pursuant to USSG § 4A1.1(e). Defendant appealed.

Defendant argues that the district court erred in finding him in escape status because he has never been confined, and because the government did not show that he intentionally failed to report to serve his sentence. He argues further that the plain language of the Sentencing Guidelines does not authorize the court to calculate when defendant would have been released from imprisonment had he served his sentence, requiring instead an actual release date. In reviewing the district court's application of the Sentencing Guidelines, we review its factual determinations for clear error and its legal conclusions de novo. See United States v. Guerrero-Hernandez, 95 F.3d 983, 986 (10th Cir. 1996).

Section 4A1.1(d) of the Sentencing Guidelines requires assessment of two criminal history points if a defendant committed the offense for which he is being sentenced while under any criminal justice sentence, including a sentence from which he has escaped. Failure to report for service of a sentence is treated as an escape from such sentence.[1] See USSG § 4A1.2(n); id., § 4A1.1, comment. (n.4). It is undisputed that defendant failed to report when required to serve his sentence

---

[1] Oklahoma state law, requiring that a prisoner first be in custody before he can be guilty of escape, is irrelevant to defendant's sentencing under the federal guidelines.

of imprisonment. The Sentencing Guidelines do not require a showing that defendant's failure to report was knowing or intentional.

Even if we were inclined to read an intent requirement into the Sentencing Guidelines it would be met here. For more than two years after his conviction was affirmed, defendant failed to inform his attorney of his whereabouts or to apprise himself of the status of his case. Under these circumstances defendant's failure to report can be deemed knowing or intentional. See United States v. Martinez, 890 F.2d 1088, 1093 (10th Cir. 1989) (discussing failure to surrender for sentence after conviction affirmed on appeal; noting that "[a] person released on [appeal bond] can be charged with a gross deviation from the standard of conduct applicable to the ordinary person when he fails to keep in touch with the status of his case or places himself out of reach of the authorities and his attorney.") (quotation omitted); United States v. Yates, 698 F.2d 828, 830-31 (6th Cir. 1983) (holding defendant could be convicted of wilfully failing to report to serve his sentence based on his conduct of moving from his former address, not notifying his attorney of his whereabouts, and using a false name).

Because USSG § 4A1.1(e) authorizes imposition of a criminal history point if the offense was committed while defendant was in escape status from a sentence of at least sixty days, we need not determine whether the district court erred in assessing a point based on defendant's commission of the offense within two

years of the date he would have been released had he reported to serve his sentence.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge