**UNITED STATES of America, Appellee,**

v.

**John D. JOHNSON, Appellant.**

**No. 82–1223.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 15, 1982.

Decided July 21, 1982.

William C. McArthur, Little Rock, Ark., for appellant.

George W. Proctor, U. S. Atty., Terry L. Derden, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, STEPHENSON, Senior Circuit Judge, and GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

The appellant was charged in a two-count indictment with two acts of possession of a firearm by a felon, in violation of 18 U.S.C. App. § 1202. It was stipulated that appellant had been convicted of a felony and that the two guns had traveled in interstate commerce. Before the case went to the jury, the indictment was consolidated into one count charging simultaneous possession of both guns. Appellant was convicted, and he now brings this appeal, challenging certain instructions given to the jury and the

sufficiency of the evidence. We affirm the District Court.[1]

On February 10, 1981, appellant's sister informed him that she had met a man who was interested in purchasing guns. That same day, a state policeman, Randy York, came to the automobile repair shop owned by appellant and his brother to negotiate the purchase of the guns. Other state policemen were stationed in a van across the street, and they videotaped the transaction. The film, which was introduced into evidence, showed Johnson removing some guns from a trailer located next to the shop, haggling over prices, and selling the two guns to York. The guns were introduced into evidence.

The next day, York called Johnson and inquired about purchasing more guns. Johnson replied that he had some more guns, but when York arrived at Johnson's car-repair business, Johnson said he had already sold them.

At trial, appellant admitted the transactions in question, but testified that the trailer and the guns belonged to his brother, Dewey. Appellant stated that he sold the guns as a favor for his brother. Dewey testified that he owned the guns and the trailer and that he had directed appellant to sell the guns. On cross-examination, however, he stated that he was unsure whether he owned one of the guns or whether he and appellant had jointly owned it.

Johnson raises two contentions on appeal. He claims that the trial judge erred when he orally amplified written instructions which had been prepared in advance and reviewed by counsel. He also claims that the crime charged is a specific-intent crime, and that the evidence fails to establish specific intent. We will consider these contentions in order.

After reading relevant portions of 18 U.S.C.App. § 1202, the trial judge instructed:

The offense charged in the indictment has three essential elements. First, that the defendant was convicted of a felony.

Second, that thereafter he knowingly possessed a firearm. And, third, that his possession of the firearm was in or affecting commerce.

The burden is always upon the prosecution to establish each of these elements of proof beyond a reasonable doubt. The law never imposes upon the defendant in a criminal case the burden or duty of introducing any evidence or calling any witnesses.

Now, how is possession defined? A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.

Title 18, United States Code, Section 1202(c)(3) defines firearm as including any weapon which is designed to or may readily be converted to expel a projectile by the action of an explosion and includes any handgun, rifle or shotgun.

Now, this is not the typical case, criminal case. The parties have stipulated as to two of the essential elements and, essentially, the trial, then, is on the question of the third element that I have read to you.

The Court is going to amplify its instructions a bit in light of the argument of the attorneys.

The statute involved here prohibits the knowing possession of firearms. Ownership is immaterial. Furthermore, under the law, it makes no difference whether the person possessing the firearm is intending to act for himself or for another person. The statute prohibits knowledgeable possession. No specific intent is required. The defendant's intent is immaterial.

If a person who has been convicted of a felony takes into his actual possession an object which he knows to be a firearm, as defined in these instructions, and which has been in interstate commerce, he would be guilty of violating the statute.

---

1. The Hon. Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

After defense counsel reminded the trial judge that he had forgotten to define "knowingly," the trial judge instructed:

The statute—one of the elements of the offense is that the defendant knowingly possessed a firearm.

An act is done knowingly if done voluntarily and intentionally and not because of mistake or accident or other innocent reason. The purpose of adding the word "knowingly" is to insure that no one will be convicted of an act done because of mistake or accident or other innocent reason.

In its manner of giving the instructions, the District Court may have failed to comply literally with Fed.R.Crim.P. 30. The rule provides in pertinent part:

At the close of the evidence ... any party may file written requests that the court instruct the jury on the law as set forth in the requests.... The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed.

The purpose of the rule, however, " 'is to afford an adequate opportunity for the trial judge to correct mistakes in his charge and for the opposing party to keep the record clear of error,' " *United States v. Parisien,* 574 F.2d 974, 976 (8th Cir.), *cert. denied,* 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 154 (1978), quoting *United States v. Phillips,* 522 F.2d 388, 391 (8th Cir. 1975). That purpose was fully satisfied here. There is no claim that counsel was not given an opportunity to object to the instructions, out of the hearing of the jury, after the oral instructions had been fully given, and before the jury retired to deliberate. We are unwilling to read Rule 30 to require the district courts to read slavishly and verbatim the unchanged text of written instructions prepared in advance. We should encourage, not discourage, the use of the English language, instead of legalistic jargon, in speaking to juries. We commend the effort of the District Court to make the law and the issues intelligible. Rule 30 does not forbid a court's clarifying its instructions in light of the issues as they have been sharpened by the closing arguments, so long as a reasonable opportunity is given to object or request additional instructions.

Furthermore, we do not agree that the trial judge in effect directed a verdict. The trial judge did not make any finding of fact. The court instructed that the Government had the burden of proof and that the jury was to consider all the evidence and resolve any conflicts in the evidence. When read in context, the jury instructions, including oral additions, are not in error. We can find no support for appellant's contention that specific intent is required for a violation of 18 U.S.C.App. § 1202. This court has previously held to the contrary, *United States v. Powell,* 513 F.2d 1249, 1251 (8th Cir.) (per curiam), *cert. denied,* 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77 (1975). Two other circuits have also held that no specific intent is required. *United States v. Laymon,* 621 F.2d 1051, 1054 (10th Cir. 1980); *United States v. Houston,* 547 F.2d 104, 108 (9th Cir. 1976).

As to appellant's sufficiency-of-the-evidence contention, we hold that the evidence amply supported the verdict. The videotape showed Johnson selling the guns, and there were two photographs showing him with a gun. Further, Johnson admitted selling the guns.

The judgment is affirmed.