**UNITED STATES of America, Appellee,**
**v.**
**Luis Ramirez HERNANDEZ, Appellant.**

**No. 91–3297.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1992.

Decided Aug. 7, 1992.

Paul C. Engh, Minneapolis, Minn., argued, for appellant.

Andrew S. Dunne, Asst. U.S. Atty., Minneapolis, Minn., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Luis Ramirez Hernandez appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm Hernandez's conviction and his sentence.

On August 27, 1990, police executed a search warrant at Cheryl Garcia's apartment in St. Paul. When they arrived at the apartment, the police found Garcia, her child, and Hernandez sleeping on a hide-a-bed in the living room. On top of a small table next to the bed, the police discovered a small pile of items including car keys, Hernandez's Minnesota identification, a receipt from J.J. Jeweler's with Hernandez's name on it, a business card from National Pawnbrokers Unlimited, and some pawn tickets. In a closet and next to the bed, the police found clothes which fit Hernandez. They also found six .38 caliber bullets in a kitchen cabinet.

Several days later, Deputy Hankee, one of the police officers who conducted the search, went to National Pawnbrokers to see if it had issued any of the pawn tickets found in Garcia's apartment. One of the tickets, issued on July 19, 1990, was from National. The ticket was a receipt for the pawn of a Smith and Wesson .38 caliber pistol and the sale of two fourteen-carat-gold chains for which the pawnbroker had paid $220.00. The firearm acquisition receipt book maintained by the pawnbroker, as required by federal law, indicated that Hernandez had pawned the pistol. National Pawnbrokers' records also indicated that Hernandez returned there on August 18, 1990, to extend the pawn on the pistol by paying the pawnbroker $66.00. After the police showed him a photographic array, Daryl Shiber, owner of National Pawnbrokers, identified Hernandez as the person who pawned the pistol. Upon his arrest, Hernandez admitted to the arresting officers that he pawned the gun.

A jury found Hernandez guilty of being a felon in possession of a firearm on July 25, 1991. The District Court sentenced him to thirty-three months' imprisonment, a special assessment of $50, and three years of supervised release. Hernandez appeals both his conviction and sentence.

Hernandez challenges his conviction on two grounds. His first claim is that insufficient evidence supports his conviction. He argues that because the gun belonged to Garcia and he pawned it for her, the government did not prove that he knowingly possessed the gun on July 19, 1990. We disagree. In *United States v. Johnson*, 683 F.2d 1187 (8th Cir.1982), we affirmed the defendant's conviction for being a felon in possession of a firearm even though he claimed that his brother actually owned the guns he sold to an undercover police officer. We held that conviction for this crime did not require a showing of specific intent. Consequently, here, as in *Johnson*, the fact that Hernandez may not have owned the gun is irrelevant to the issue of whether he possessed it. The evidence that Hernandez knowingly possessed the gun is more than sufficient to sustain his conviction.

Hernandez's second ground for attacking his conviction is that his prosecution violates the Justice Department's "Petite Policy."[1] On July 27, 1990, Ramsey County authorities searched Garcia's apartment and found Hernandez there smoking crack cocaine. They prosecuted him for cocaine possession. In the resulting plea agreement on this charge, the Ramsey County prosecutor agreed not to charge Hernandez with any additional crimes arising out of the July 27, 1990, search. In applying for a new warrant to search Garcia's apartment on August 23, 1990, the Ramsey County authorities referred to the July 27, 1990, search of her apartment. Since one basis for the August 23, 1990, search-warrant application was the July 27, 1990, search for which the Ramsey County authorities agreed not to prosecute him any further, Hernandez argues that his current conviction by the federal government must be reversed as a violation of the Justice Department's "Petite Policy."

Despite the ingeniousness of this argument, we reject it on several grounds. As an initial matter, we note that this Court has held on numerous occasions that

1. The "Petite Policy" derives its name from the Supreme Court case of *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). It refers to a Justice Department policy, adopted in 1959, which prohibits federal prosecution fol- lowing a state prosecution for the same criminal act unless the Attorney General finds that there is a compelling federal interest supporting the successive federal prosecution.

the "Petite Policy" is merely an internal procedure of the Justice Department and does not confer any substantive rights on defendants. See, *e.g.*, *United States v. Staples*, 747 F.2d 489, 491 (8th Cir.1984) (per curiam). Thus, Hernandez cannot rely on the policy to prohibit a subsequent federal prosecution. At any rate, the "Petite Policy" simply is not implicated here. The "Petite Policy" applies to federal prosecutions following state prosecutions for the same act. Ramsey County has never prosecuted Hernandez for being a felon in possession of a firearm. The only state charge Hernandez refers to in making this claim is his prosecution for cocaine possession. These prosecutions clearly do not derive from the same act, particularly since they involve events occurring on different days.

And finally, we see no violation of the plea bargain between Hernandez and the Ramsey County prosecutor. The prosecutor agreed not to bring any additional charges against Hernandez for his actions on July 27, 1990. The prosecutor did not agree not to investigate or prosecute future criminal activity by Hernandez. Since investigation of future criminal acts was permissible under the plea agreement, Ramsey County authorities did not violate the agreement by referring to the results of the July 27, 1990, search to establish probable cause for the August 27, 1990, search. We affirm Hernandez's conviction.

Hernandez also challenges his sentence on two grounds. His first claim is that the District Court erred by refusing to grant him a two-point reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. He contends that denial of the two-point reduction for not speaking to the probation officer [2] penalizes him for exercising his Fifth Amendment right to remain silent. In *United States v. Lyles*, 946 F.2d 78, 81 (8th Cir. 1991), we expressly rejected this claim.

Thus, the District Court did not err by denying the two-point reduction on this basis.

Hernandez's second claim is that the District Court erred by increasing his offense level two points under U.S.S.G. § 2K2.1(b)(2) for the pistol's being stolen, since the government presented no evidence that he knew it was stolen. Hernandez argues that the Sentencing Commission exceeded its statutory authority by allowing the enhancement absent a showing that he had actual knowledge that the weapon was stolen. We have repeatedly held that Section 2K2.1(b)(2) does not require that the defendant know the firearm was stolen. *E.g.*, *United States v. Amerson–Bey*, 898 F.2d 681, 683 (8th Cir.1990). Defendant makes a different argument on this appeal. The statute under which he was convicted, 18 U.S.C. § 922(b), contains a scienter requirement. The Guideline, which contains no such requirement, is therefore inconsistent with the statute, and invalid for that reason.

We are unable to agree. The statute requires only that the firearm be "knowingly" possessed by someone who has been convicted of a felony. This aspect of scienter has been established by Hernandez's conviction. The Guideline in question addresses an element that is not in the statute at all—whether the gun was stolen. The Guideline's indifference to whether a defendant knew the gun was stolen is not in conflict with the statute. It concerns a completely different issue, one to which the statute does not speak at all.

Hernandez's conviction and sentence are affirmed.

---

2. In the presentence investigation report, the probation officer recommended that the Court deny the two-point reduction for acceptance of responsibility because Hernandez, "on advice of his attorney, declined to discuss the instant offense with the probation officer." At sentencing, the Court denied the reduction, but did not explain the basis of its decision. It did state, however, that "I have ... considered all of the

information that I have regarding this matter. And I agree that a reduction for acceptance of responsibility is not warranted, and will not be granted." Sentencing Transcript 5. On the basis of this statement, we assume, as do the parties, that the Court relied on, at least in part, Hernandez's refusal to speak with the probation officer in making its decision.