28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry EVANS, Defendant-Appellant.
 No. 93-2485.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.*
Decided June 30, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Henry Evans seeks to reverse his conviction for possession of a firearm by a felon, 18 U.S.C. Secs. 922(g)(1) and 924(a)(2), claiming that the evidence against him was insufficient. Because we conclude that a jury rationally could have found Evans guilty beyond a reasonable doubt, we affirm.
 
 
 2
 On the evening of January 4, 1993, the Milwaukee Police Department conducted a search of 1035 North 23rd Street, Apartment 11, pursuant to a warrant obtained that day. The lessee of the apartment and target of the search, Michael Coleman, was arrested as he left the building immediately before the search. In executing the search the police entered one of the two bedrooms in the apartment. There they found Evans sitting on a bed three feet from a loaded short-barreled shotgun. The shotgun was lying in plain view on top of the bed and was within six feet of a second individual who was sitting in a chair next to the bed.[1] Two other men were in the room, one standing by the door and the other sitting at a table.
 
 
 3
 In reviewing the sufficiency of the evidence, we must examine the evidence in the light most favorable to the government and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In doing so, we are not at liberty to reweigh the evidence or reassess the credibility of witnesses. United States v. DePriest, 6 F.3d 1201, 1206 (7th Cir.1993). To secure a conviction under Sec. 922(g)(1) the government must prove beyond a reasonable doubt that: (1) the defendant had a prior felony conviction; (2) he knowingly possessed a firearm; and (3) the firearm travelled in or affected inter-state commerce. United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.), cert. denied, 498 U.S. 905 (1990). Evans contends only that the evidence was insufficient to establish that he knowingly possessed the firearm.
 
 
 4
 Possession may be actual or constructive. Id. at 1110. Constructive possession is established when the evidence demonstrates that the defendant "knowingly ha[d] the power and the intention at a given time to exercise dominion and control over [the firearm]." Id. at 1110 (citing United States v. Taylor, 728 F.2d 864, 868 (7th Cir.1984)). Such power and intention may be inferred where the defendant exercised control over the premises in which the firearm was kept. United States v. Galiffa, 734 F.2d 306, 316 (7th Cir1984). However, if dominion or control over such premises was not exclusive, the evidence must establish a nexus between the defendant and the firearm. United States v. Hernandez, 13 F.3d 248, 252 (7th Cir.1994). Here, the evidence was sufficient to establish Evans's constructive possession of the shotgun.[2]
 
 
 5
 At trial, Coleman testified that Evans lived with him and occupied the room in which the shotgun was found. His testimony was corroborated by police officer Jones, who testified that on the night of the search Evans stated that he lived in the apartment. Coleman's testimony was further supported by the evidence discovered in the bedroom during the course of the search: On the table were four photographs of Evans with various people, a personal phone book containing an employment identification and security pass in Evans's name. Taped to the back of the bedroom door were a photocopy of a birth certificate in Evans's name and another photograph of him.
 
 
 6
 Evans argues that Coleman's testimony was inconsistent and that he was incredible because he believed he would not be prosecuted if he testified against Evans. However, as noted above determinations as to the credibility of witnesses are within the province of the jury and are not reviewed by the court. DePriest, 6 F.3d at 1206; United States v. Maholias, 985 F.2d 869, 874 (7th Cir.1993). The jury was aware of the inconsistencies in Coleman's testimony and defense counsel adequately challenged his motivations on cross-examination. Thus, we conclude that a rational trier of fact could have found beyond a reasonable doubt that on January 4, 1993, Evans exercised control, albeit not exclusive, over the bedroom in which the shotgun was found.
 
 
 7
 A jury also could have rationally concluded based on the testimony of Officer Pierce that there was a sufficient nexus between Evans and the shotgun to support a finding of constructive possession. Officer Pierce testified that when he entered the bedroom the shotgun was in plain view and Evans was seated within reaching distance of it. United States v. McKnight, 953 F.2d 898, 902 (5th Cir.) (weapon found in plain view provided sufficient nexus), cert. denied, 112 S.Ct. 2975 (1992); United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (knowledge of the gun's location and unhindered access to it provided sufficient nexus). He also testified that of the four men in the bedroom Evans was closest to the shotgun. But see United States v. Ford, 993 F.2d 249, 252 (D.C.Cir.1993) (mere proximity is insufficient to establish the requisite nexus). The fact that Evans may not have been the owner of the shotgun is irrelevant to the issue whether he knowingly possessed it. United States v. Thomas, 987 F.2d 1298, 1302 (7th Cir.), cert. denied, 114 S.Ct. 333 (1993); United States v. Hernandez, 972 F.2d 885, 887 (8th Cir.), cert. denied, 113 S.Ct. 1287 (1992).
 
 
 8
 For the foregoing reasons, we AFFIRM the conviction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Although the Evans states that the shotgun was within three feet of the second individual, the trial transcript reveals that the shotgun was three feet from the edge of the bed and that the second individual was seated in a chair that was an additional three feet away
 
 
 [2]
 Because we conclude that the evidence was sufficient to support a finding of constructive possession, we need not address whether Evans actually possessed the firearm