# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-1775

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Lyle Robert Paton, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: October 21, 1996

Filed: April 3, 1997

———————

Before WOLLMAN, LAY, and BRIGHT, Circuit Judges.

———————

BRIGHT, Circuit Judge.

Lyle Robert Paton appeals his conviction for possession of materials involving the use of minors in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). We reject Paton's arguments that this conviction is barred by a previous plea agreement and the Ex Post Facto clause. We remand, however, for resentencing in light of Koon v. United States, 116 S. Ct. 2035 (1996).

### BACKGROUND

In December 1982, Paton was arrested and indicted for using the United States mail to transmit obscene material in violation of 18 U.S.C. § 1461, using minors to produce sexually explicit

photographs in violation of 18 U.S.C. § 2251, and conspiracy to commit an offense in violation of 18 U.S.C. § 371. Pursuant to a plea agreement, Paton pled guilty to the charge of mailing obscene material and the Government dismissed the other two charges. The United States accepted the guilty plea, "in full satisfaction of all Federal charges which may be brought against LYLE R. PATON by reason of the information provided pursuant to this agreement[.]" Appellee's Add. at A-4. Paton subsequently completed his sentence and probation.

On May 23, 1995, police executed a search warrant at Paton's residence and discovered photographs containing sexual depictions of minors. Most of the relevant photographs were the same as those forming the basis for Paton's 1983 conviction.[1]

Paton waived his right to a jury trial. The district court concluded that neither the 1983 plea agreement nor the Ex Post Facto clause barred prosecution for possession of the photographs. The district court then found Paton guilty because thirteen of the photos were sexually explicit for purposes of 18 U.S.C. § 2252(a)(4)(B). These thirteen photos also formed the basis for Paton's 1983 conviction.

Prior to sentencing, Paton moved for a downward departure. The district court denied the motion and sentenced Paton to twenty-four months' imprisonment--the low end of the applicable guidelines range. Paton appealed.

Paton raises three issues. First, Paton argues that the 1983

---

[1]It is unclear from the record how Paton kept these duplicate photographs of those seized in 1982. Apparently, the police somehow overlooked them in 1982.

plea agreement bars the 1995 prosecution.  Second, he argues that the 1995 prosecution violates the Ex Post Facto clause.  Third, Paton argues that the district court erred by not granting his motion for a downward departure.  We consider these arguments in turn.

## I.

We review the district court's interpretation of the 1983 plea agreement and its conclusion that the plea agreement did not bar the 1995 prosecution de novo.  See Margalli-Olvera v. I.N.S., 43 F.3d 345, 350-51 (8th Cir. 1994).  The district court concluded that the plea agreement immunized Paton only from charges "concerning or related to the indictment underlying that plea agreement."  R. at 21.  We agree.

The 1983 plea agreement provided that Paton's plea of guilty to the charge of mailing obscene photos was "in full satisfaction of all Federal charges which may be brought against LYLE R. PATON by reason of the information provided pursuant to this agreement[.]"  Appellee's Add. at A-4.  The intent of the agreement is clear.  It provides immunity for two charges against Paton in exchange for his guilty plea.  In addition, the plea agreement warns that Paton remains subject to prosecution in any jurisdiction for additional crimes.  In short, the Government agreed not to bring additional charges arising out of Paton's conduct between 1978 and 1982, but did not agree to ignore future criminal activity.  See United States v. Hernandez, 972 F.2d 885, 888 (8th Cir. 1992) (plea agreement not violated when additional charges brought for later criminal activity).  Accordingly, we conclude that the 1983 plea agreement did not bar the 1995 prosecution.

## II.

Paton next asserts that the 1995 conviction for possession of obscene materials violates the Ex Post Facto clause. Possession of such materials was not illegal in 1983 when Paton possessed the photos involved in both prosecutions. Congress, however, criminalized that possession in 1990 by enacting 18 U.S.C. § 2252(a)(4)(B). Paton contends that the 1995 conviction, which is based on the 1990 statute, violates the Ex Post Facto clause because it criminalizes conduct that was innocent when he first obtained the photographs. We disagree.

"`[I]n the case of continuing offenses . . . the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of [the statute].'" United States v. Garfinkel, 29 F.3d 1253, 1259 (8th Cir. 1994) (quoting United States v. Torres, 901 F.2d 205, 226 (2d Cir. 1990)). More specifically, a conviction for continuing to possess obscene material after the effective date of 18 U.S.C. § 2252(a)(4)(B) does not violate the Ex Post Facto clause. United States v. Layne, 43 F.3d 127, 132 (5th Cir.), cert. denied, 115 S. Ct. 1722 (1995). Accordingly, we affirm the district court.

## III.

Paton's final argument is that the district court erred during sentencing by denying a downward departure. Paton asserts that the district court's denial of his motion to downward depart resulted from the court's erroneous belief that it did not have the authority to do so.

A district court's decision not to depart downward made with the understanding of the court's power to depart cannot be reviewed on appeal. United States v. Knight, 96 F.3d 307, 311 (8th Cir. 1996).  The district court may depart from the applicable guideline range if it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . ."  18 U.S.C. § 3553(b).  "The key question is whether an individual  case presents a `characteristic or circumstance [which] distinguishes the case from the `heartland' cases covered by the guidelines in a way that is important to the statutory purposes of sentencing.'"  United States v. Lewis, 90 F.3d 302, 304 (8th Cir. 1996) (quoting U.S.S.G. § 5K2.0), cert. denied, Davis v. United States, 117 S. Ct. 713 (1997).  We may reverse the district court only if it abused its discretion.  Koon v. United States, 116 S. Ct. 2035, 2047–48 (1996).

At the sentencing hearing the court stated:

> The court declines to depart downward.  In examining [Paton's] arguments individually and together the court does not agree that these facts create a situation not contemplated by the Sentencing Commission.  Although these circumstances are indeed unusual, the unusual nature of this case is due to [Paton's] conducted [sic] possession of material which is illegal to possess and has been since the amendments to 18 United States Code Section 2252 were passed in 1990.  [Paton's] ignorance of the law or his mistaken understanding of its application to himself does not warrant departure.

Sentencing Tr. at 21-22.  The district court made its determination, however, prior to the Supreme Court's decision in Koon.  In that case, the Supreme Court stated that the district court must determine whether the grounds asserted for departure are encouraged, discouraged, forbidden or unmentioned by the Sentencing

–5–

Guidelines. <u>Koon</u>, at 2045. "If a factor is unmentioned in the Guidelines, the court must, after considering the `structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,' . . . decide whether it is sufficient to take the case out of the Guideline's heartland." <u>Id.</u> (citation omitted) (quoting <u>United States v. Rivera</u>, 994 F.2d 942, 949 (1st Cir. 1993)).

The mitigating factors asserted by Paton, when considered together, are unmentioned under the Guidelines. The Guidelines did not contemplate a situation where an individual enters into a plea bargain "in full satisfaction of all Federal charges which may be brought" and the government later prosecutes the individual for non-criminal conduct known to the government at the time of the plea bargain, but which later becomes criminal. In light of <u>Koon</u>, the district court misconstrued the Guidelines in determining that this situation is contemplated by the Sentencing Commission. Thus, the district court erred in determining that it lacked authority to depart downward.

Accordingly, we reverse and vacate the existing sentence and remand to the district court for resentencing consistent with this opinion. The district court may depart downward if it determines that Paton presents mitigating circumstances outside the "heartland" of the Guidelines.

**CONCLUSION**

We affirm Paton's conviction and remand for resentencing.

WOLLMAN, Circuit Judge, concurring and dissenting.

I concur in Parts I and II of the court's opinion.  I dissent, however, from the court's holding that the district court misconstrued the Guidelines in determining that the situation presented by this case was not contemplated by the Sentencing Commission.

True, it is unlikely that the Commission contemplated the exact facts of Paton's case, but that does not compel the conclusion that the Commission did not contemplate the offense committed by Paton:  the possession of child pornography.  Having held that Paton's earlier plea did not immunize him from prosecution for the possession of those now-illegal materials, what warrant do we have to hold that this case is somehow different for sentencing purposes from any other prosecution based upon the 1990 statute?

The Court has told us that a district court's decision to depart from the Guidelines should in most cases be given substantial deference, including the decision that a particular case falls within or without the heartland of cases in the Guideline.  Koon v. United States, 116 S. Ct. 2035, 2046-48 (1996).  See also United States v. Kalb, 105 F.3d 426, 428 (8th Cir. 1997).  Although the district court did not have the benefit of Koon and thus did not articulate its reasoning in precisely the formulation set forth in Koon, it in effect made "a refined assessment of the many facts bearing on the outcome," Koon, 116 S. Ct. at 2046, and then determined that there was nothing about the case that warranted a departure from the Guidelines range.  Because I see no abuse of discretion in the district court's ruling, I would affirm the sentence as well as the conviction.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.