**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

VAUDA VIRGLE SHIPP, JR.,

     Defendant-Appellant.

No. 07-5160
(D.Ct. No. 4:04-CR-00214-HDC-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Circuit Judge, and **ANDERSON** and **BRORBY**, Senior Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Vauda Virgle Shipp, Jr., appearing *pro se*, appeals the district

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's denial of his motion for a new trial. He seeks a new trial on grounds of newly discovered evidence and a general claim his conviction and 188-month sentence are inconsistent with the laws of the United States. This is Mr. Shipp's second motion for a new trial. The district court denied his first motion for a new trial, which we affirmed on appeal. *See United States v. Shipp*, 233 F.App'x 847, 852 (10th Cir. May 17, 2007) (unpublished op.). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's denial of Mr. Shipp's second motion for a new trial.

## I. Factual and Procedural Background

On September 14, 2005, a jury convicted Mr. Shipp of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Prior to sentencing, Mr. Shipp filed a motion for a new trial alleging his attorney was ineffective for failing to adequately investigate with respect to certain witnesses and on the basis of newly discovered evidence. *See Shipp*, 233 F.App'x at 849. The district court denied the motion and sentenced him to 188 months imprisonment. On appeal, Mr. Shipp raised the same two issues raised before the district court, as well as other issues not raised before. *Id.* at 849-51. In support of one of the newly raised issues concerning the sufficiency of the evidence, we noted Mr. Shipp had "impugn[ed] the motives of his wife and the credibility of his son-in-law's testimony in an effort to undermine the knowing possession

element" of his unlawful possession of a firearm offense. *Id.* at 850. We determined it was not within our province to assess the credibility of those witnesses, and further noted other witness testimony supported his knowing possession of the firearms. *Id.*

We also determined the district court did not abuse its discretion in denying the motion for a new trial because the police documents Mr. Shipp depended on were not newly discovered but had been mentioned at trial. *Id.* at 851. As to the ineffective assistance of counsel claim, we treated it as a newly discovered evidence claim in order to be timely and similarly rejected it because Mr. Shipp was aware at the time of trial his attorneys were not investigating or preparing to call certain witnesses. *Id.* We affirmed Mr. Shipp's conviction and the district court's denial of his motion for a new trial. *Id.* at 852.

Following his appeal, Mr. Shipp filed the instant *pro se* motion for a new trial – again on the basis of newly discovered evidence. The entire crux of his motion rested on the premise his ex-wife and her son-in-law committed perjury at trial when they provided incriminating evidence regarding his possession of firearms. In denying the motion, the district court noted it was "nothing more than a rehash of his prior complaints, offered from a different angle." R., Vol. 2, Doc. 123 at 2. It denied the motion, determining Mr. Shipp had not carried his

burden of establishing newly discovered evidence, given he had previously made the same factual allegations in an October 19, 2004 letter to a state court judge in a prior legal proceeding – well before his jury trial on September 13 and 14, 2005. It further concluded that regardless of whether his ex-wife had an ulterior motive for testifying at trial, Mr. Shipp could not otherwise circumvent the other overwhelming evidence presented at trial in support of his conviction.

## II. Discussion

On appeal, Mr. Shipp raises the same issue of newly discovered evidence on the premise his ex-wife and her son-in-law committed perjury at trial when they provided incriminating evidence against him regarding his possession of firearms. In regard to his letter in the other state court proceeding relied on by the district court, Mr. Shipp does not contest its existence or content, but contends the fact "he had written a letter to [a judge] in October of 2004, doesn't mean that [I] had any of the facts of the case." Apt. Br. at 2E. For the first time on appeal, he also generally claims his conviction and 188-month sentence are inconsistent with the laws of the United States, which he does not support with any cogent argument, relying instead on the same argument presented in support of the other issue.

"Rule 33 authorizes trial courts to grant new trials 'if the interest of justice

-4-

so requires.'" *United States v. Herrera*, 481 F.3d 1266, 1269 (10th Cir. 2007) (relying on Fed. R. Crim. P. 33(a)). "We ordinarily review the denial of a new trial for abuse of discretion," which occurs only if the district court's decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* at 1270 (quotation marks and citation omitted). We have held "[a] motion for a new trial is not regarded with favor and is only issued with great caution." *Id*. at 1269-70. In making the determination on whether to grant a new trial, the district court serves "as a gatekeeper to a new trial, deciding in the first instance whether the defendant's proffered 'new evidence' is credible." *United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 988 (2007).

With these principles in mind, we conclude the district court did not abuse its discretion in denying Mr. Shipp's motion for a new trial on the basis of newly discovered evidence. As to the October 19, 2004 letter relied on by the district court in denying the instant motion, Mr. Shipp's mere contention that the letter "doesn't mean that [I] had any of the facts of the case" is not persuasive. It appears Mr. Shipp raised the same argument concerning his ex-wife's and her son-in-law's alleged perjured testimony prior to his criminal proceeding, and he has not shown any evidence in support of that contention is "newly discovered." Our determination is bolstered by the fact Mr. Shipp raised the same argument concerning the motives and credibility of his ex-wife and her son-in-law in his

last appeal, albeit in the guise of a sufficiency of the evidence argument. *See Shipp*, 233 F.App'x at 850. At that time, we left the credibility determination on their testimony to the district court and further noted, as the district court has here, that additional evidence other than the contested testimony supported his conviction. *Id.* Thus, we agree with the district court's conclusion that Mr. Shipp's argument in support of the instant motion for a new trial "is nothing more than a rehash of his prior complaints, offered from a different angle."

As to Mr. Shipp's other asserted issue on appeal contending his conviction and 188-month sentence are inconsistent with the laws of the United States, we generally will not consider an issue raised for the first time on appeal, *see In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992), except when, for example, the issue is a question of law, the proper resolution of which is beyond reasonable doubt, and the failure to address the issue would result in a miscarriage of justice. *See Shoels v. Klebold*, 375 F.3d 1054, 1062 (10th Cir. 2004). None of those circumstances are presented here. While we construe *pro se* pleadings like Mr. Shipp's liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we have also repeatedly held that perfunctory or cursory reference to an issue, like here, unaccompanied by some effort at developed argument, is inadequate to warrant consideration. *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002). To the extent Mr. Shipp is basing his general claim on the same argument

presented in support of the other issue on appeal, we reject it for the same reasons.

## III.  Conclusion

For these reasons, we **AFFIRM** the district court's denial of Mr. Shipp's motion for a new trial.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge