**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Carlos Alberto ESCOBAR, Defendant—Appellee.**

No. 02–50626.

D.C. No. CR–01–01290–RMT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 24, 2003.

Before HALL, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM *

The government appeals the district court's grant of a new trial to Carlos Alberto Escobar ("Escobar"). Because the district court did not abuse its discretion in granting a new trial, we affirm.

Because the parties are familiar with the history of this case, we will not recount it here. We review a decision to grant a new trial for abuse of discretion. *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir.1992). Here, after considering the five requisite factors for granting a new trial based upon newly discovered evidence, the district court acted well within its discretion in granting Escobar a new trial. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.), *as amended* (1991).

The district court determined that the evidence was newly discovered and de-fense counsel acted with due diligence. Prior to trial, Escobar was evaluated by a psychiatrist, who told defense counsel that Escobar was of "low to average intelligence and that he had no mental defect." The district court did not err, either in finding that the subsequent discovery that Escobar's IQ fell within the lowest 2 percent for individuals of his age group was newly discovered, or in concluding that defense counsel acted with due diligence despite her reliance upon the psychiatrist's initial report.

The newly discovered evidence was clearly material to Escobar's defense of duress. In light of the facts of the case, the evidence of his low IQ provided strong corroboration for his claim. Because Escobar's credibility was crucial to his defense, this evidence was highly material, and was neither cumulative nor merely impeaching.

The district court concluded that had the evidence in question been presented at trial, the jury would probably have interpreted the evidence of duress differently. "Circuit judges, reading the dry pages of the record, do not experience the tenor of the testimony at trial. The balance of proof is often close and may hinge on personal evaluations of witness demeanor. . . . [A] court of appeals will only rarely reverse a district court's grant of the defendant's motion for a new trial, and then only in egregious cases." *Alston*, 974 F.2d at 1212. There is no indication that the district court abused its discretion in determining that the addition of the new information creates a high probability of acquittal.

AFFIRMED.

HALL, Circuit Judge, dissenting.

I respectfully dissent.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The defense attorney became concerned about the defendant's mental capacity during trial. The defense attorney did not attempt to alert the district court to her concerns. In fact, the attorney waited *almost five months* to request that Escobar be re-examined by a mental health professional. This is not "diligence," under any reasonable definition of that word. The district court's finding to the contrary was clear error. I would reverse on this basis alone because this circuit requires that the discovery of evidence not be on account of a lack of diligence.

More importantly, however, is the fact that there was *no* newly discovered evidence in this case. In order for evidence to be "newly-discovered," it must have been discovered *after* trial. *See United States v. McKinney*, 952 F.2d 333, 335 (9th Cir.1991) ("We have long held that, in general, a defendant seeking a new trial on the basis of newly discovered evidence must show that the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial.") (internal quotation marks and citations omitted). *Before* trial, defense counsel had Escobar interviewed by a psychiatrist to evaluate his mental capacity. The psychiatrist advised counsel that Escobar "had a low to average intelligence and that he had no mental defect" and could function normally. The psychological examination given months later was performed by the same psychiatrist. The psychiatrist never refuted his prior evaluation, he merely assigned an abstract numerical value to Escobar's intelligence, specifically an "intelligence quotient" of 68. Moreover, the psychiatrist, for the second time, noted that Escobar's below average intelligence did *not* affect Escobar's ability to function normally. This is not "newly

discovered" evidence. It is merely a different type of measurement of facts already known to all parties. The district court therefore committed legal error by finding that the evidence was "newly discovered."

For the foregoing reasons, the district court abused its discretion. I would reverse and remand for sentencing.