FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVEN B. JONES, also known as
Smooth,

      Defendant-Appellant.

No. 08-8045
(D.C. No. 2:05-CR-00078-ABJ-5)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Steven Jones appeals the district court's denial of his Federal Rule of

Criminal Procedure 33(b)(1) motion for a new trial based on newly discovered

evidence. As part of that motion, Mr. Jones requested an evidentiary hearing,

which was also denied. We affirm, holding that the district court did not abuse its

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discretion in denying Mr. Jones's motion or his attendant request for an evidentiary hearing.

At trial, a jury convicted Steven Jones of conspiracy to possess with intent to distribute, and to distribute, cocaine base (crack cocaine), and conspiracy to use a place where crack cocaine is manufactured, distributed, and used, in violation of 21 U.S.C. §§ 841(b)(1)(A), 856(a)(1) and (b), and 846. He was sentenced to 300 months of imprisonment. On direct appeal, this court affirmed his conviction and sentence. *United States v. Jones*, 468 F.3d 704, 711 (10th Cir. 2006).

In October 2007, Mr. Jones filed a Fed. R. Crim. P. Rule 33(b)(1) motion for new trial based on newly discovered evidence. In support of this motion, Mr. Jones submitted a declaration from his cousin, co-conspirator, and former co-defendant, Levi Wilson. In this declaration, Mr. Wilson recanted his previous trial testimony against Mr. Jones, asserting that he was coerced by his lawyer and the prosecutor into giving false testimony in exchange for a favorable plea bargain. Additionally, Mr. Jones submitted a statement from an unindicted co-conspirator, Ernest Daniels, in which Mr. Daniels also asserted that he "agreed to say whatever the [prosecutor] wanted [him] to say" in exchange for leniency. R. Doc. 368, Attach. 2. Mr. Daniels, however, did not testify at Mr. Jones's trial.

After reviewing the record of the trial proceedings, the district court denied the new trial motion. It found that Mr. Wilson's recantation was not credible

given that his prior trial testimony was corroborated by other witnesses and evidence. It also held that Mr. Daniels's statement was not material because he never testified against Mr. Jones. Because the court found the written record sufficient to resolve Mr. Jones's motion, it denied his request for an evidentiary hearing. Mr. Jones appeals both the denial of his motion for a new trial and his request for an evidentiary hearing.

Under Rule 33 of the Federal Rules of Criminal Procedure, "[a] defendant may move within three years after final judgment for a new trial based on the ground of newly discovered evidence." *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000). We review a district court's denial of a motion for new trial for abuse of discretion, reversing only if the decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Herrera*, 481 F.3d 1266, 1270 (10th Cir. 2007) (quotation and citation omitted). Such motions are "not regarded with favor and [are] only issued with great caution." *Id.* at 1269-70.

To succeed in a motion for a new trial based on newly discovered evidence, the movant must show:

> (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not caused by the defendant's lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues . . . involved; and (5) the new evidence would probably produce an acquittal in a new trial.

*Pearson*, 203 F.3d at 1274.  When the new evidence involves a recantation of trial testimony, the court cannot grant a new trial unless it is first satisfied that the "challenged testimony was actually false."  *Id.* (quotation omitted); *see also United States v. Page*, 828 F.2d 1476, 1478 (10th Cir. 1987).  In making this inquiry, we are mindful of the fact that recantation of prior trial testimony "is not looked upon with favor," but rather with "downright suspicion."  *United States v. Ahern*, 612 F.2d 507, 509 (10th Cir. 1980).

Mr. Jones primarily complains that the district court determined Mr. Wilson's recantation was not credible, and thus could not form the basis of his Rule 33 motion, without conducting an evidentiary hearing.[1]  Ordinarily, the district court "must conduct an evidentiary hearing to evaluate both the credibility and the impact of a recantation."  *Page*, 828 F.2d at 1478.  But this is certainly not required in every case.  In cases where the written record allows a district court judge to make credibility findings (and for us to evaluate such findings), no evidentiary hearing is necessary.  *Pearson*, 203 F.3d at 1274-75; *see also United States v. Chatman*, 994 F.2d 1510, 1518-19 (10th Cir. 1993) (affirming denial of new trial where record was sufficient for this court to discern how the trial judge evaluated the witness's credibility).

---

[1]  In his opening brief, Mr. Jones also claimed that the government violated his right to a fair trial by permitting Mr. Wilson to testify, even though Mr. Wilson had been present in the courtroom, and not sequestered, for the entirety of the trial.  Mr. Jones withdrew this argument in his reply brief, so we do not address it.

As in *Pearson*, the record in this case allowed the district court to assess the credibility of Mr. Wilson's recantation without an evidentiary hearing. The district court judge who denied the motion for new trial was the same judge who presided over Mr. Jones's trial and who took Mr. Wilson's guilty plea – providing the court ample opportunity to assess Mr. Wilson's credibility. *See Pearson*, 203 F.3d at 1275. Several other trial witnesses, also observed personally by the district judge, corroborated Mr. Wilson's original trial testimony (and thus undercut his recantation). And so did other evidence. In this case, the government presented videotaped surveillance showing Mr. Wilson at the residence from which Mr. Jones executed his drug conspiracy.

With so much evidence corroborating Mr. Wilson's original testimony and undercutting his post-trial recantation – evidence which the district court already had a chance to weigh – we can hardly say that the district court abused its discretion in denying Mr. Jones's request for an evidentiary hearing. All of this same evidence likewise supports the district court's decision to deny Mr. Jones's Rule 33 motion and makes it impossible for us to say that the court acted "arbitrar[il]y, capricious[ly[, whimsical[ly], or manifestly unreasonabl[y]" in finding Mr. Wilson's recantation not credible.

Of course, Mr. Jones separately submits that the district court abused its discretion when it held Mr. Daniels's statement was insufficient to justify a new trial. Mr. Jones contends that, even though Mr. Daniels did not testify, his

statement that he would have lied for the government, had he been called to do so, illustrates the general bad faith nature of the prosecution in this case. This argument misses the point. For Mr. Daniels's statement to trigger a new trial, it must be so powerful that it would "probably produce an acquittal in a new trial." *Pearson*, 203 F.3d at 1274.

Mr. Daniels's statement simply does not meet this standard. Mr. Daniels never testified at trial and the original jury thus never heard or relied on any purported lies from him in reaching its verdict. Moreover, the portion of Mr. Daniels's statement submitted to us in the record on appeal merely indicates that he would have willingly lied at trial, had he been called to do so; it does not purport to exculpate Mr. Jones of the drug activity with which he was charged. *Cf. United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992) (evidence that trial attorney was disbarred is not material when issue involved in first trial was not competence of attorney but attorney's involvement in attempted jailbreak); *United States v. Dago*, 441 F.3d 1238, 1251 (10th Cir. 2006) (this court reviews only the materials included in the record before it). Meanwhile, as we have noted, several witnesses and videotape evidence at trial corroborated Mr. Wilson's original testimony implicating Mr. Jones in drug activity. In light of all this, we cannot see how Mr. Daniels's recent statement could possibly produce an

acquittal in a new trial, let alone probably do so.

Affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge