FILED
United States Court of Appeals
Tenth Circuit

March 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN B. JONES, a/k/a Smooth,

Defendant-Appellant.

No. 09-8080
(D.C. No. 2:05-CR-00078-ABJ-5)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Steven B. Jones appeals the district court's denial of his pro se motion for a

new trial under Fed. R. Crim. P. 33. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

A superseding indictment charged Mr. Jones with drug-related offenses,

including conspiracy to possess with intent to distribute and conspiracy to

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distribute crack cocaine.  At his trial the government presented evidence that Mr. Jones and his co-conspirators sold crack cocaine at a house in Cheyenne, Wyoming, during 2004 and part of 2005.  Witnesses who frequented the Cheyenne crack house testified about Mr. Jones's role in the crack-cocaine distribution ring.  Several stated that they purchased crack from Mr. Jones.  One witness testified that she saw Mr. Jones manufacturing crack cocaine.  Some of Mr. Jones's co-conspirators also testified that he was dealing crack cocaine. James Kirby Davis, one of the customers who frequented the Cheyenne crack house, testified that he had deposited into a bank account most of a large settlement he had received for a work-related injury.  During a seven-month period beginning in July 2004, he used ATMs to withdraw over $160,000 from the account.  Mr. Davis said he used most of that money to buy crack cocaine and that most of his purchases were from Mr. Jones.  Video surveillance showed Mr. Davis and Mr. Jones arriving and leaving the Cheyenne crack house on days that Mr. Davis had withdrawn money from ATMs.

A jury found Mr. Jones guilty on August 25, 2005, and the district court subsequently sentenced him to 300 months' imprisonment.  His conviction and sentence were affirmed on appeal.  *United States v. Jones*, 468 F.3d 704, 706 (10th Cir. 2006).  On October 29, 2007, Mr. Jones filed a motion for new trial, arguing that one of his co-conspirators had recanted his trial testimony.  The district court denied the motion, and this court affirmed the denial on appeal.

Mr. Jones filed a second new-trial motion on June 10, 2009, again purporting to raise issues related to newly discovered evidence. The district court denied Mr. Jones's second motion and he appealed.

"A motion for a new trial is not regarded with favor and is only [granted] with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007). We review the district court's denial of a new-trial motion for abuse of discretion, reversing only if the decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* at 1270 (quotation omitted). If a motion for new trial is filed more than seven days after a verdict, it must be grounded on newly discovered evidence. *See id.*[1] Therefore, because Mr. Jones filed his second new-trial motion more than seven days after his guilty verdict, "newly discovered evidence is the only ground available to [him] for a new trial."[2] *Id.*

---

[1]     At the time Mr. Jones filed his second motion for new trial, Rule 33(b)(2) required a defendant to file a motion based on any ground other than newly discovered evidence within seven days of the verdict or finding of guilt. The rule was subsequently amended, giving defendants fourteen days to file such motions. *See* Fed. R. Civ. P. 33(b)(2) (eff. Dec. 1, 2009).

[2]     Rule 33(b)(1) provides that a motion grounded on newly discovered evidence must be filed within three years of the verdict or finding of guilt. Mr. Jones filed his second motion after the three-year deadline. But the Rule 33 time limitations are not jurisdictional and are subject to forfeiture if the government fails to object to an untimely submission. *See Eberhart v. United States*, 546 U.S. 12, 18-19 (2005). Here the government did not raise in the district court the untimeliness of Mr. Jones's second new-trial motion under Rule 33(b)(1). The government has conceded its waiver of this objection.

In his second new-trial motion, filed nearly four years after the guilty verdict, Mr. Jones contended he had discovered new evidence that the government presented perjured testimony and other false evidence at his trial. This purportedly new evidence consisted of booking documents from two jails and trial testimony by an ATF agent. He argued the booking documents established that he was in jail during early December 2004 and again on January 3, 2005; therefore, he contended, the government's evidence that he was involved in crack-cocaine transactions during those time periods was false.

More specifically, Mr. Jones argued that proof of his incarceration in December 2004 shows that Mr. Davis perjured himself in testifying about crack cocaine purchases from Mr. Jones that coincided with his ATM withdrawals. Mr. Jones did not identify in his motion any allegedly false testimony by Mr. Davis regarding crack purchases in December 2004. He pointed instead to the prosecutor's references in closing argument to ATM withdrawals by Mr. Davis between December 7 and 13, 2004. Mr. Jones claimed that the prosecutor intended for the jury to infer, based on these withdrawals, that Mr. Davis purchased crack from Mr. Jones on these dates. Mr. Jones also argued that the government presented false evidence attempting to connect him to crack-cocaine transactions, specifically a large amount of currency seized from one of his co-conspirators on January 3, 2005, another date on which he claims he was in jail. Finally, Mr. Jones argued that the government knew or should have

known that Mr. Davis's testimony was perjured because an ATF agent testified at the trial that Mr. Davis initially lied to the investigators.

In order to prevail on his second new-trial motion, Mr. Jones was required to show that:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Herrera*, 481 F.3d at 1270 (quotation omitted). The district court denied his motion, holding that he failed to raise any issue grounded on newly discovered evidence, and the motion was therefore untimely under Rule 33(b)(2). We agree. Mr. Jones characterizes the evidence he submitted in support of his motion as "newly presented," but he confuses newly presented with newly discovered. The ATF agent's trial testimony certainly cannot qualify as evidence Mr. Jones discovered after his trial. Nor are we persuaded that he had no knowledge until after his trial that he was in jail during the dates he identifies in December 2004 and January 2005.[3] And while Mr. Jones apparently did not obtain the booking documents he filed in support of his motion until after the trial, he failed to

---

[3] Mr. Jones asserts only that there was no conceivable way for him to remember the dates he was in jail because he has been incarcerated many different times in numerous different facilities.

establish he was unaware of the existence of such records or that they were unavailable to him during his trial.

The district court did not abuse its discretion in denying Mr. Jones's second new-trial motion as untimely under Rule 33(b)(2) because he failed to raise any issue grounded on newly discovered evidence. The judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge