FILED
United States Court of Appeals
Tenth Circuit

January 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICHARD DALE MONTGOMERY,

    Defendant-Appellant.

No. 12-5037
(D.C. No. 4:07-CR-00122-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

Richard Montgomery appeals the district court's denial of his motion for a new

trial. As discussed below, we AFFIRM the denial of that motion.

Mr. Montgomery was convicted by a jury of coercion and enticement of a minor,

in violation of 18 U.S.C. § 2422(b). The evidence presented at trial established that Mr.

Montgomery had engaged in a six-month online relationship with an undercover agent

---

[*] After examining the parties' briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

posing as a thirteen-year-old girl. Their communications involved sexually explicit conversation, and the relationship culminated in Mr. Montgomery being apprehended as he attempted to carry out a plan to meet and have sex with the undercover agent posing as a young girl.  Following his conviction, he was sentenced to a 120-month term of imprisonment, which is the statutory minimum for his offense, to be followed by seven years of supervised release.

Mr. Montgomery did not file a direct appeal following his sentence and conviction.  But subsequently, he filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  The district court appointed counsel to represent Mr. Montgomery on the § 2255 motion, issued an order concluding that he was entitled to an evidentiary hearing on some of the issues raised in the motion, and referred the matter to a magistrate judge.  Following the hearing, the magistrate judge recommended the denial of the motion. The district court adopted the magistrate judge's recommendation and denied the motion.[1]

But while his § 2255 motion was pending before the court, Mr. Montgomery also filed a pro se motion for a new trial under Fed. R. Crim. P. 33 based on allegedly newly discovered evidence and prosecutorial misconduct.  Specifically, he claimed (1) that the

---

[1] The district court denied that motion on the same day that it denied this motion for a new trial.  The district court also denied Mr. Montgomery's motion for a certificate of appealability ("COA").  Mr. Montgomery requested that this court issue a COA so that he could appeal the denial of § 2255 relief. In a separate order, we deny his request for a COA and dismiss his appeal.

prosecution made misrepresentations to defense counsel concerning the status of computer records that had been seized from Mr. Montgomery, (2) that the prosecution ordered the destruction and cover up of evidence, and (3) that the Government had failed to preserve chat records that would have been exculpatory, and had effectively destroyed such records because the Government created a record but failed to preserve it.

In support of his motion, Mr. Montgomery attached three documents that he had obtained from the FBI by making requests under the Freedom of Information Act ("FOIA"), which he claimed were "newly discovered evidence": 1) an August 20, 2007 request for a Computer Analysis Response Team ("CART") examination of computers and hardware associated with Mr. Montgomery ("Request"); 2) a September 21, 2007 report containing the requested analysis ("Report"); and 3) a July 31, 2008 closing memorandum confirming that the prosecution had reviewed the circumstances and status of Mr. Montgomery's case and that all remaining evidence could be destroyed or returned ("Closing Memorandum").

Although the district court did not order a separate hearing for Mr. Montgomery's motion for a new trial, it did consider the evidence presented in the § 2255 evidentiary hearing in making its decision to deny the motion for a new trial. Ultimately, the district court denied the motion, concluding that a new trial was not warranted because Mr. Montgomery had failed to demonstrate that he had newly discovered evidence that was material, exculpatory, or likely would have resulted in acquittal. Mr. Montgomery appeals the denial of his motion for a new trial.

## DISCUSSION

## I. Standard of Review

Because this is an appeal from a final judgment, this court has jurisdiction under 28 U.S.C. § 1291. Under Rule 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Under this Rule, "any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict," while "[a]ny motion for a new trial grounded on any other reason . . . must be filed within 14 days after the verdict." Fed. R. Crim. P. 33(b). In this case, Mr. Montgomery timely filed his motion for a new trial pursuant to the newly-discovered evidence rule.

"We review rulings on a motion under Rule 33 for an abuse of discretion." United States v. LaVallee, 439 F.3d 670, 700 (10th Cir. 2006). "We will reverse that decision only if the district court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances." United States v. Trujillo, 136 F.3d 1388, 1394 (10th Cir. 1998). "A motion for new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution." Id. (internal quotation marks omitted). "For [a defendant] to prevail on a motion for a new trial based on newly discovered evidence, he must show" the following:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

4

United States v. Herrera, 481 F.3d 1266, 1270 (10th Cir. 2007).

On the other hand, "[o]ur review of a Brady claim asserted in the context of a Rule 33 motion for a new trial is de novo, with any factual findings reviewed for clear error." United States v. Torres, 569 F.3d 1277, 1281 (10th Cir. 2009). "A defendant who seeks a new trial based on an alleged Brady violation must show that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material." Id.

Concluding that the evidence did not support a Brady claim, the district court analyzed the motion under the Herrera standard and concluded that a new trial was not warranted. Under either standard, because Mr. Montgomery has not demonstrated the existence of any evidence that is favorable and material, this court agrees that it was proper for the district court to deny his motion for a new trial

## II. Claim that the Prosecution Misrepresented Status of Hard Drive Analysis

In support of his argument that the prosecution misrepresented the status of the hard drive analysis, Mr. Montgomery presents two documents obtained from the FBI through a FOIA request—the Request for a CART examination of the computer (dated August 20, 2007) and the Report on that examination (dated September 21, 2007). He argues that the Report, in conjunction with the Request, demonstrate that the prosecution misrepresented the status of the CART examination to the defense. Specifically, in his motion, Mr. Montgomery alleged that the prosecution had misrepresented "the existence

5

of status of computer records seized from Defendant's computer, stating that the forensic analysis had not been done because the FBI's . . . CART . . . office in Oklahoma City was backlogged for over 6 months."

As to the Request, because it only indicates that the CART examination had been requested, the district court concluded that the Request did not contain any evidence that was exculpatory or likely to result in acquittal. As to the Report, the district court determined that nothing in the report or brought forth in the evidentiary hearing regarding Mr. Montgomery's motion pursuant to § 2255 supported that the prosecution had misrepresented the status of the examination of the hard drive.

Specifically, the evidence produced at the § 2255 hearing showed that, although the office was normally back-logged for six months, an examiner completed an initial examination of the hard drive prior to trial and advised an agent of the initial examination. After the trial, the agent informed the examiner that he did not need any results from the hard drive because the trial was complete. At the evidentiary hearing regarding the § 2255 motion, the prosecution testified that he believed at the time of trial that an examiner had conducted a "cursory forensic examination," but that he did not think that anyone had ever looked at everything on the computer.

Moreover, at a pretrial hearing, when defense counsel requested the hard drive to perform an analysis seeking exculpatory evidence, the prosecution informed defense counsel of the lack of child pornography found on the computer and agreed to stipulate to that at trial. And as explained in the district court order denying the §2255 motion, the

6

examiner performing the CART examination testified that there were no chat logs recovered during the examination of Mr. Montgomery's hard drive, and that although he found references to the screen names, the references were in chat fragments contained in the hard drive's random access memory rather than in cohesive chat logs. Thus, the testimony established that no favorable or material evidence was retrieved from Mr. Montgomery's computer during the CART analysis, other than the lack of child pornography, which was shared with defense counsel at trial.

Accordingly, the court rejected the claim that the Request and Report indicated that the prosecution had misrepresented the status of the CART analysis. We agree.

### III. Claim that the Prosecution Ordered Destruction and Cover Up of Evidence

Mr. Montgomery contends that one of his FOIA documents, the Closing Memorandum, demonstrates that the prosecution improperly ordered the destruction and cover up of evidence relevant to Mr. Montgomery's face. The Closing Memorandum is dated several months after Mr. Montgomery's conviction was final and the period for direct appeal had ended without Mr. Montgomery filing an appeal. Moreover, the Closing Memorandum stated that the evidence could be destroyed <u>or returned</u>. And indeed, the Government returned the hard drive it had confiscated from Mr. Montgomery to Ms. Montgomery. Although defense counsel was unable to retrieve useful information from the hard drive for the §2255 hearing, there is no indication that the Government was responsible for the condition of the hard drive at that time. Thus, the district court

rejected the claim that the Closing Memorandum indicated that the prosecution had improperly ordered the destruction and cover up of evidence. We agree.

## II. Claim that the Government's Failed to Preserve & Effectively Destroyed Chat Log Records

Without providing any newly discovered evidence to support his claims, Mr. Montgomery alleges that the Government failed to preserve several chat logs that were allegedly in the Government's possession. Specifically, he contends that the government failed to preserve a record of the original chat, and that it failed to preserve chat logs from some forty days between January 23 and May 24, 2007.

Based on the evidence brought forth in the evidentiary hearing regarding Mr. Montgomery's motion pursuant to § 2255, the district court found that no chat log had been created in the initial chat, but that the undercover agent had subsequently prepared a report of the chat. As to the other alleged missing chat records, Mr. Montgomery provided no proof that chats took place on the dates in question. Moreover, the forensic examination of Mr. Montgomery's hard drive yielded no record of the alleged missing chats. Finally, the undercover agent testified that for every chat following the initial chat, he created a record and prepared a report. Accordingly, the district court rejected this claim. Because Mr. Montgomery has not produced any newly discovered evidence that the Government failed to preserved or destroyed chat records, we agree with the district court's conclusion.

## CONCLUSION

8

We AFFIRM the district court's denial of Mr. Montgomery's motion for a new trial. Appellant's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge