FILED
United States Court of Appeals
Tenth Circuit

February 13, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

STEVEN BRADLEY JONES, SR.,

Defendant–Appellant.

Nos. 12-8042 & 12-8050
(D.C. No. 2:05-CR-00078-ABJ-5)

(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of these

consolidated appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

In separate appeals, which we consolidate for purposes of disposition, Defendant

Steven B. Jones, Sr., a federal prisoner proceeding pro se, challenges the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of his "Motion for Dismissal of Indictment" and his "Motion for Proof of Power, Standing, and Jurisdiction in the Particulars."

On August 25, 2005, Defendant was convicted by a jury of participating in a drug-trafficking conspiracy. He was sentenced to 300 months' imprisonment on November 21, 2005. We affirmed his conviction and sentence on direct appeal. *United States v. Jones*, 468 F.3d 704 (10th Cir. 2006). Defendant then filed a § 2255 habeas petition, raising several claims of ineffective assistance of trial and appellate counsel, as well as a claim of actual innocence. The district court denied Defendant's petition. Defendant petitioned for a certificate of appealability, which we denied. *United States v. Jones*, 437 F. App'x 639 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1727 (2012). In the meantime, Defendant had filed two pro se motions for a new trial, each of which the district court denied. We affirmed both denials on appeal. *United States v. Jones*, 315 F. App'x 714 (10th Cir. 2009); *United States v. Jones*, 369 F. App'x 937 (10th Cir. 2010).

In April 2012, Defendant filed a motion to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B), arguing the indictment was insufficient in light of *United States v. Barboa*, 777 F.2d 1420 (10th Cir. 1985), because the charged conspiracy involved only government agents and informers. He then filed a motion styled "Motion for Proof of Power, Standing, and Jurisdiction in the Particulars" in May 2012, in which he sought an order requiring the government to produce evidence establishing its "power[]" to prosecute his case, the authority and standing of the United States of America to bring a criminal case in a United States District Court, and the

-2-

authority of a "'United States District Court', as opposed to a 'District Court of the United States', to hear an [sic] criminal case against a Union State Citizen when the alleged crime was committed inside the state zone, and outside of the federal zone." (R. Vol. I at 937-38 (capitalization omitted).) Construing Defendant's motion liberally, the district court considered it as a motion to dismiss under Rule 12(b)(3)(B) for lack of jurisdiction.

The district court denied both of Defendant's Rule 12(b) motions, concluding they were untimely. Under Rule 12(b)(3)(B), "the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense" "at any time while the case is pending." Fed. R. Crim. P. 12(b)(3)(B). The district court held that Defendant's case, which had been reduced to judgment and affirmed on appeal more than five years earlier, was no longer pending when he challenged the indictment. We agree with the district court that Defendant's motions were untimely. *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (affirming the district court's dismissal of defendant's 12(b)(3)(B) motion as untimely because defendant's case was "long since reduced to judgment, affirmed on appeal, and rejected for certiorari review" and, therefore, "was no longer pending when he challenged the indictment"). It is clear from the record that Defendant filed his motions long after his conviction and sentence became final.

Defendant appears to challenge this conclusion, pointing to his pro se "Motion for Order for Ineffective Assistance of Counsel and Motion to Appoint Conflict-Free

-3-

Counsel" filed on November 14, 2005. He argues the motion is "pending" because he cannot "locate any other entries upon the Criminal Docket concerning the adjudication of [this] motion," and as a result, his case remains pending. (Def.'s Reply Br. (12-8042) at 7.) However, Defendant's motion was addressed and resolved during his sentencing proceedings on November 21, 2005. (R. Vol. III, Tr. of Sentencing Proceedings at 5-9, 39-40.) As a result, Defendant's trial counsel's motion to withdraw was granted and the substitute counsel Defendant had requested in his motion was appointed. (R. Vol. I at 415.) Accordingly, Defendant's reference to his motion provides no basis for concluding that his case remained pending in April and May 2012, when he filed his Rule 12(b)(3)(B) motions.

The district court further concluded it was unnecessary to treat Defendant's Rule 12(b)(3)(B) motions as § 2255 petitions because the one-year limitations period had long since passed. We see no error in this conclusion and further note that a § 2255 petition "would be procedurally barred . . . as second or successive in light of [Defendant's] . . . prior § 2255" petition. *United States v. Carranza-Hurtado*, 456 F. App'x 745, 746-47 (10th Cir. 2012). The district court therefore did not abuse its discretion in refusing to construe Defendant's motions to dismiss as post-conviction petitions to vacate under 28 U.S.C. § 2255. *See id.* (applying abuse of discretion standard to similar ruling).

For the foregoing reasons, the district court's orders denying Defendant's Rule 12(b)(3)(B) motions are **AFFIRMED**.  Defendant's motions to proceed *in forma pauperis* are **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge